**In re ESTABLISHMENT INSPECTION OF MANGANAS PAINTING COMPANY, INC., Interstate I–71, Jeremiah Morrow Bridge, Lebanon, Ohio.**

**Robert B. REICH, Secretary of Labor, United States Department of Labor, Plaintiff–Appellee,**

**v.**

**MANGANAS PAINTING COMPANY, INC., Defendant–Appellant.**

**No. 95–3981.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1996.

Decided Jan. 13, 1997.

Edward Falkowski (argued and briefed), Barbara Werthmann, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Plaintiff–Appellee.

Roger L. Sabo (argued and briefed), Schottenstein, Zox & Dunn, Columbus, OH, for Defendant–Appellant.

Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.

CONTIE, Circuit Judge.

Manganas Painting Company ("Manganas") appeals the district court's dismissal of its action against the Secretary of Labor and officials from the Occupational Safety and Health Administration ("OSHA"). Manganas also asserts that its action to quash an inspection warrant is not moot. We affirm the district court's determinations.

### I.

Manganas contracted with the Ohio Department of Transportation to repaint twin bridges on Interstate 71 over the Little Mia-

mi River near Lebanon, Ohio. Before painting the bridges, Manganas' workers had to sandblast the bridges to remove the existing lead-based paint.

In April 1993, OSHA inspected the site and cited Manganas for violating fall protection regulations. Manganas contested the citations before the Occupational Safety and Health Review Commission ("Commission"). Later that year, OSHA revisited the site to determine whether Manganas was complying with OSHA's lead exposure regulations.[1]

On February 1, 1994, OSHA cited Manganas for numerous lead exposure violations and fined the company more than $1,300,000. Manganas administratively contested the citations. On April 8, 1994, Manganas advised OSHA that, by administratively contesting the citations, OSHA's enforcement of the lead exposure regulations was stayed until the Commission rendered its decision. Nevertheless, on or about May 28, 1994, OSHA administratively subpoenaed Manganas' air sample and employee blood test results. Manganas vehemently objected to the subpoena because it related to matters pending before the Commission.

On June 16, 1994, OSHA requested an inspection warrant to determine whether Manganas' employees were still being exposed to dangerous levels of airborne lead. On June 17, 1994, OSHA inspectors served the warrant, but Manganas' officers failed to fully comply with its terms. Manganas, once again, asserted that OSHA's actions were unwarranted because the Commission had not yet rendered its decision. On June 22, 1994, Manganas filed a motion to quash the warrant. On June 23, 1994, Manganas filed an action in district court to enjoin OSHA from inspecting the site, executing warrants and issuing citations until the Commission rendered its decision. On or about June 24, 1994, OSHA sued Manganas to enforce the administrative subpoena.

After consolidating the actions, the district court referred this action to a magistrate judge. On November 30, 1994, the magistrate judge recommended that the district court dismiss the action for lack of subject

matter jurisdiction. On July 27, 1995, the district court adopted the magistrate judge's report and recommendation and dismissed Manganas' action. The district court also found that Manganas' motion to quash the 1994 inspection warrant was moot because OSHA had already conducted the search. Manganas timely appealed.

## II.

### *Jurisdiction*

■ The appellants assert that OSHA's proper remedy was to enjoin, not reinspect, the project. In response, the appellees assert that, like the Federal Mine Safety and Health Act ("Mine Act"), the Occupational Safety and Health Act ("OSH Act") provides a statutory review scheme that precludes district court review of pre-enforcement challenges.

■ The OSH Act has an extensive administrative process for reviewing OSHA enforcement actions. Specifically, after OSHA issues a citation, an employer may seek administrative review before the Occupational Safety and Health Review Commission ("OSHRC"). 29 U.S.C. § 659(c). The challenges are heard by an OSHRC administrative law judge and are reviewed by the OSHRC, at its discretion. 29 U.S.C. § 661(j). An employer may seek judicial review of the OSHRC decision in the United States Court of Appeals. 29 U.S.C. § 660(a). "The administrative review scheme is thus ordinarily regarded as the exclusive procedure through which an employer can obtain review of OSHA enforcement proceedings." *Northeast Erectors Ass'n v. Secretary of Labor,* 62 F.3d 37, 39 (1st Cir.1995) (citations omitted).

In *Thunder Basin Coal Co. v. Reich,* 510 U.S. 200, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994), the Supreme Court held that nearly identical administrative review procedures in the Mine Act revealed a congressional intent to preclude district courts from exercising subject matter jurisdiction over pre-enforcement, and post-enforcement, challenges to

---

1. The Lead Exposure in Construction Interim Final Rule, 29 C.F.R. § 1926.62, protects workers by monitoring and regulating their exposure to lead.

the Mine Act. In *Thunder Basin*, a mine operator, asked to comply with the provisions of the Mine Act, sought immediate injunctive relief in district court. The Supreme Court held that the district court lacked jurisdiction to grant the requested relief because the mine operator's challenge must follow the detailed administrative review scheme established by the Mine Act.

This case falls squarely within the holding of *Thunder Basin* because the administrative and judicial review procedures in the two acts are nearly identical. *Compare* 29 U.S.C. § 660(a) *with* 30 U.S.C. § 816(a)(1). Accordingly, Manganas must seek administrative review before the OSHRC. "Allowing such claims to be raised initially in an injunctive proceeding in district court would subvert Congress' intent to have such claims reviewed through the OSH Act's detailed administrative procedure." *Northeast Erectors Ass'n v. Secretary of Labor*, 62 F.3d at 40.

Because the district court lacked subject matter jurisdiction over Manganas' action, we reject the appellant's first assignment of error.

### The Warrant

The district court found Manganas' motion to quash the 1994 inspection warrant moot: "Plaintiff objects to the Magistrate's conclusion that its motion to quash the inspection warrant for the 1994 inspection is now MOOT. In light of the fact that all lead activities have been concluded since July 1994, and that the inspection is concluded, we concur with the Magistrate's conclusion." District Court's July 27, 1995 Order at 9.

Though Manganas seeks to quash the inspection warrant, OSHA already executed the warrant and inspected the site.[2] Accordingly, Manganas must move to suppress the evidence obtained during the inspection in the proper administrative forum. *Occupational Safety & Health Review Comm'n v. Trinity Indus., Inc.*, 884 F.2d 580 (6th Cir. 1989) (unpublished). Since Manganas has failed to exhaust administrative remedies, the

motion to quash the 1994 inspection warrant is not ripe for decision. *See id.*

Accordingly, we **AFFIRM**.

2. Indeed, Manganas' appellate counsel conceded during oral argument that the motion to quash    was moot.